

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

LDK/PL AGR
2024R00324

July 30, 2025

Roberto J. Espinosa, Esq.
1203 Chestnut Street
Elizabeth, New Jersey 07201

Re: Plea Agreement with Ruben Rodriguez-Ventura

Dear Mr. Espinosa:

This letter sets forth the plea agreement between your client, Ruben Rodriguez-Ventura ("Rodriguez-Ventura"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **August 13, 2025**, if it is not accepted in writing by that date. If Rodriguez-Ventura does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Rodriguez-Ventura to a three-count Information, which charges Rodriguez-Ventura with: (1) on or about June 8, 2023, Possession of Machine Guns, in violation of 18 U.S.C. § 922(o)(1) (Count One); (2) on or about June 8, 2023, Possession of Firearms and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and (3) on or about June 8, 2023, Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three). If Rodriguez-Ventura enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Rodriguez-Ventura for Possession of Machine Guns, Possession of Firearms and Ammunition by a Convicted Felon, or Possession with Intent to Distribute Controlled Substances on or about June 8, 2023.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Rodriguez-Ventura even if the applicable statute of limitations period for those charges expires after Rodriguez-

Ventura signs this agreement, and Rodriguez-Ventura agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 922(o)(1) to which Rodriguez-Ventura agrees to plead guilty in Count One of the Information carries a statutory maximum sentence of 10 years' imprisonment.

The violation of 18 U.S.C. § 922(g)(1) to which Rodriguez-Ventura agrees to plead guilty in Count Two of the Information carries a statutory maximum sentence of 15 years' imprisonment.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which Rodriguez-Ventura agrees to plead guilty in Count Three of the Information carries a statutory maximum sentence of 20 years' imprisonment.

The prison sentences for Counts One through Three may run consecutively to each other or to any prison sentence Rodriguez-Ventura is ordered to service.

The violations charged in Counts One and Two each carry a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation charged in Count Three carries a statutory maximum fine equal to the greatest of: (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rodriguez-Ventura is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Rodriguez-Ventura ultimately will receive.

Further, in addition to imposing any other penalty on Rodriguez-Ventura, the sentencing judge as part of the sentence:

(1) will order Rodriguez-Ventura to pay an assessment of $100 per count ($300 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Rodriguez-Ventura to pay restitution pursuant to 18 U.S.C. § 1593;

(3) must order forfeiture on Counts One and Two, pursuant to 18 U.S.C. § 924(d), and on Count Three, pursuant to 21 U.S.C. § 853;

(4) may deny Rodriguez-Ventura certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 18 U.S.C. § 3583, may require Rodriguez-Ventura to serve a term of supervised release of not more than 3 years on Counts One and Two, and, pursuant to 21 U.S.C. § 841, must require Rodriguez-Ventura to serve a term of supervised release of at least 3 years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Rodriguez-Ventura be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rodriguez-Ventura may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Rodriguez-Ventura's acceptance of responsibility, Rodriguez-Ventura agrees to forfeit to United States: (i) pursuant to 18 U.S.C. § 924(d), any firearms and ammunition involved in the commission of the offenses charged in Counts One and Two of the Information; (ii) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds Rodriguez-Ventura obtained, directly or indirectly, as the result of the offense charged in Count Three of the Information, and any and all property used or intended to be used, in any manner or part, to facilitate the commission of such offense; and (iii) pursuant to 18 U.S.C. §§ 1594, 981(a)(1)(C), and 28 U.S.C. § 2461(c),

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, such property includes, but is not limited to, the following items seized from Rodriguez-Ventura on or about June 8, 2023:

1) 14 auto sear selector switches; and

2) 2 rounds of ammunition,

which Rodriguez-Ventura acknowledges were involved in the commission of the offense charged in Counts One and Two of the Information (collectively, the "Specific Property").

Rodriguez-Ventura acknowledges that the Specific Property is subject to forfeiture as a firearm or ammunition involved in or used in the violations of 18 U.S.C. § 922(o)(1) and 18 U.S.C. § 922(g)(1) charged in the Information.

Rodriguez-Ventura further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring him to pay the Money Judgment, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Order shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Rodriguez-Ventura waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Rodriguez-Ventura consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Rodriguez-Ventura understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Rodriguez-Ventura of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Rodriguez-Ventura further understands that Rodriguez-Ventura has no right to demand that any forfeiture of Rodriguez-Ventura's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Rodriguez-Ventura waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Rodriguez-Ventura further

understands that he has no right to demand that any forfeiture of his assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Rodriguez-Ventura also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Rodriguez-Ventura agrees that Rodriguez-Ventura will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Rodriguez-Ventura has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Rodriguez-Ventura further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Rodriguez-Ventura further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Rodriguez-Ventura's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rodriguez-Ventura further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Rodriguez-Ventura fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Rodriguez-Ventura has intentionally failed to disclose assets on his Financial Disclosure Statement, Rodriguez-Ventura agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Rodriguez-Ventura by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and

extent of Rodriguez-Ventura's activities and relevant conduct with respect to this case.

Stipulations

This Office and Rodriguez-Ventura will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Rodriguez-Ventura waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Rodriguez-Ventura understands that, if Rodriguez-Ventura is not a citizen of the United States, Rodriguez-Ventura's guilty plea to the charged offenses will likely result in Rodriguez-Ventura being subject to immigration proceedings and removed from the United States by making Rodriguez-Ventura deportable, excludable, or inadmissible, or ending Rodriguez-Ventura's naturalization. Rodriguez-Ventura understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Rodriguez-Ventura wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Rodriguez-Ventura's removal from the United States. Rodriguez-Ventura

understands that Rodriguez-Ventura is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rodriguez-Ventura waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rodriguez-Ventura also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rodriguez-Ventura. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Rodriguez-Ventura from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Rodriguez-Ventura and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
Acting United States Attorney

By: Lauren Kober
Assistant U.S. Attorney

APPROVED:

Kendall R. Randolph
Deputy Chief, Organized Crime/Gangs Unit

I have received this letter from my attorney, Roberto J. Espinosa, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Ruben Rodriguez-Ventura

Date: 9/9/25

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Roberto J. Espinosa, Esq.
Counsel for Defendant

Date: 9/9/25

Plea Agreement With Ruben Rodriguez-Ventura

Schedule A

1. This Office and Ruben Rodriguez-Ventura ("Rodriguez-Ventura") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

Count One: Possession of Machine Guns

3. The applicable guideline is U.S.S.G. § 2K2.1(a)(3). This guideline carries a Base Offense Level of 22 because the offense involved a firearm that is described in 26 U.S.C. § 5845(a) and Rodriguez-Ventura committed the offense subsequent to sustaining one felony conviction for a controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(3).

4. Rodriguez-Ventura is subject to a four-level enhancement because he possessed 14 firearms. *See* U.S.S.G. § 2K2.1(b)(1).

5. Rodriguez-Ventura is subject to a four-level enhancement because he possessed the firearms in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B).

6. The total adjusted offense level for Count One is 30.

Count Two: Possession of Firearms and Ammunition by a Convicted Felon

7. The applicable guideline is U.S.S.G. § 2K2.1(a)(3). This guideline carries a Base Offense Level of 22 because the offense involved a firearm that is described in 26 U.S.C. § 5845(a) and because Rodriguez-Ventura committed the offense subsequent to sustaining one felony conviction for a controlled substance offense. *See* U.S.S.G. § 2K2.1(a)(3).

8. Rodriguez-Ventura is subject to a four-level enhancement because he possessed 14 firearms. *See* U.S.S.G. § 2K2.1(b)(1).

9. Rodriguez-Ventura is subject to a four-level enhancement because he possessed the firearms in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B).

10. The total adjusted offense level for Count Two is 30.

Count Three: Possession with Intent to Distribute Controlled Substances

11. The applicable guideline is U.S.S.G. § 2D1.1(a)(5). This guideline carries a Base Offense Level of 24 because Rodriguez-Ventura had at least 100 kilograms but less than 400 kilograms of converted drug weight. *See* U.S.S.G. § 2D1.1(a)(5) and (c)(8). This total converted drug weight is premised on: approximately 16.5323 grams of oxycodone, which converts to 110.766 kilograms of converted drug weight; approximately 4.6205 grams of methamphetamine, which converts to 9.241 kilograms of converted drug weight; approximately 3.6344 grams of fentanyl, which converts to 9.086 kilograms of converted drug weight, and 2.1093 grams of fentanyl analogue, which converts to 21.093 kilograms of converted drug weight.

12. Rodriguez-Ventura is subject to a two-level enhancement because he possessed a firearm in connection with the offense. *See* § 2D1.1(b)(1).

13. The total adjusted offense level for Count Three is 26.

Grouping of Multiple Counts

14. Pursuant to U.S.S.G. § 3D1.2(c), Counts One, Two, and Three ("Group One") are grouped together with an offense level of 30.

15. As of the date of this letter, Rodriguez-Ventura has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Rodriguez-Ventura's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

16. As of the date of this letter, Rodriguez-Ventura has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Rodriguez-Ventura's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Rodriguez-Ventura enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Rodriguez-Ventura's acceptance of responsibility has continued through the date of sentencing and Rodriguez-Ventura therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Rodriguez-Ventura's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17. Accordingly, the parties agree that the total Guidelines offense level applicable to Rodriguez-Ventura is 27 (the "Total Offense Level").

18. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

19. If the term of imprisonment does not exceed 125 months, and except as specified in the next paragraph below, Rodriguez-Ventura will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 100 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

20. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).